UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROMIER PRODUCTS, INC., ) | |
| ) | |
| Plaintiff/counter-defendant, ) | Case No. 1:21-cv-01094 |
| ) | |
| v. ) | Hon. Lindsay C. Jenkins, D.J. |
| ) | |
| ORION CAPITAL LLC., ) | Hon. Heather K. McShain, M.J. |
| ) | |
| Defendant/counter-plaintiff. ) | |

## ORION'S MOTION FOR SANCTIONS

Orion Capital LLC ("Orion"), by its undersigned attorneys, requests that this Court enter an order pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii) striking the declaration of Carter New (ECF No. 143-11)[1] and barring Promier Products, Inc. ("Promier") from eliciting any testimony from Mr. New through discovery or at trial:

On January 31, 2023, Promier filed a Motion for Limited Extension of Discovery (ECF No. 115). In that motion, Promier sought leave to issue a subpoena to Carter New for documents *and testimony*. Orion opposed that motion (ECF No. 122), arguing that Promier's request was untimely given their own disclosure of Mr. New in early 2022 and Orion's document production during the summer of 2022. This Court agreed with Orion regarding taking Mr. New's testimony, ruling:

> The Court grants Promier's motion to the extent that it seeks leave to serve a subpoena on New for his communications with Hall regarding PPE sales in conjunction with Orion that occurred over email, text messages, or WhatsApp. . . .
>
> However, the Court denies the motion to the extent that Promier seeks leave to depose New. This request, filed on the last day of the fact discovery period, is untimely. . . .

---

[1] The declaration of Carter New is attached to Promier's Memorandum of Law in Support of its Motion for Leave to File an Amended Complaint and Amended Answer to Counterclaims, which is currently being briefed before Hon. Lindsay C. Jenkins.

> Based on a review of the rough transcript of the hearing before Judge Kendall on February 2, 2023, the undersigned concludes that the predominant purpose of the deposition was to explore the circumstances of Hall and New's sale of PPE to Duke. Because Promier has long known about this transaction and New's role in it, its request to depose New about these matters on the last day of the discovery period is untimely. The request for leave to depose New is therefore denied.

ECF No. 125.

Following this ruling, Promier issued a Subpoena and Rider to Produce Documents upon Carter New. Exhibit 1. The subpoena included a rider seeking emails, text messages and WhatsApp messages between Messrs. New and Richard Hall of Orion. However, instead of simply accepting the documents Mr. New tendered pursuant to the subpoena, counsel from Promier used the opportunity to procure from him a declaration. Attached as Exhibit 2 is the email message chain between Mr. New and counsel for Promier. As the Court can see, the declaration stemmed from an email dated March 25, 2023, at 11:17 a.m. from counsel for Promier to Mr. New in which counsel states: "Because you have no responsive documents to produce,[2] I would like to work on a declaration with you so we can demonstrate to the Court that you have complied with the subpoena to the best of your ability." *Id*. This message was improper as it was sent despite counsel being well aware that there was no need to "demonstrate to the Court" anything about Mr. New's compliance with the records subpoena.

When Mr. New responded by indicating his reluctance to sign the declaration because he did not want to get in the middle of the Promier and Orion dispute, counsel for Promier compounded their improper conduct by stating "there is a duty under the law to comply with the subpoena," implying that Mr. New was required to do more than simply provide

---

[2] Mr. New produced 6 images of text message conversations to Promier's counsel on March 23, 2023. Promier's counsel initially did not share those documents with Orion because they maintained they were not relevant. Orion's counsel requested copies on March 27, 2023, and Promier produced them on March 29, 2023.

2

responsive documents, and that his signing a declaration was required for full compliance. *Id*. Promier's counsel went on to state: "At this time, all we are asking is for you [to] sign a declaration confirming that you don't have access to any documents responsive to the subpoena." *Id*.

The proposed declaration was sent by Promier's counsel to Mr. New on March 27, 2023, and when Mr. New did not respond by providing the signed declaration, Promier's counsel followed up on March 29, 2023, asking Mr. New to connect him with Mr. New's attorney. *Id*. Mr. New then signed the declaration within the following hour.

A review of the declaration makes it clear that it goes beyond what Promier's counsel indicated it wanted in a declaration from Mr. New, namely, that he did not have access to documents responsive to the subpoena. It is also clear that obtaining the declaration was a blatant circumvention of this Court's denial of Promier's request to take the deposition of Mr. New. The declaration is attached hereto as Ex. 3, and as the Court can see, paragraphs 11 through 14 have nothing to do with Mr. New's retention of documents, but rather go to the factual issues about which Promier certainly wanted to take Mr. New's deposition.

After receiving the email exchange between Promier's counsel and Mr. New, and his signed declaration, counsel for Orion was concerned about Promier's circumvention of this Court's order, and so Caitlin Brown, one of the attorneys for Orion, had a call with Mr. New on April 4, 2023 to learn the circumstances of how the declaration was procured.[3] What Mr. New said about how the declaration was obtained confirmed Orion's counsel's suspicion about its

---

[3] Because the very issue about which Orion's counsel was speaking with Mr. New was the improper procurement of his declaration, Orion's counsel did not want to place additional pressure on Mr. New to sign another declaration, and so Ms. Brown has provided a narrative of her conversation. Additionally, we believe that procuring a declaration from Mr. New as to his communications with Promier would also be violative of this Court's order.

improper origin.

Mr. New informed Ms. Brown that he had had two calls with counsel for Promier. During the first call, Mr. New informed counsel for Promier that he did not know who Promier was, and counsel for Promier informed him that it is one of Cody Grandadam's entities. Also during that call, Mr. New informed counsel for Promier that he did not have a lot of responsive documents but that he would provide counsel with what he had. Mr. New stated that Promier's counsel explained that the dispute between Orion and Promier was over masks that were sold to Duke Hospital, that there had been a contract between Orion and Promier, that Orion ended up not using Promier to send masks to Duke, and that Orion had breached the contract with Promier by selling masks to Duke via Mr. New. Promier's counsel informed Mr. New that Promier was going to have to pay something to Orion, but they do not know what that number is. During that call, Mr. New stated that Promier's counsel did not inform him that Orion had a very different position as to the facts or that it is not Orion's position that there was an active agreement between Orion and Promier during the relevant timeframe. Mr. New then sent Promier's counsel documents he believed were responsive to the subpoena.

After Mr. New provided Promier's counsel with the documents he believed were responsive to the subpoena, he had a second call with Promier's counsel. Mr. New advised Ms. Brown that during that second call, Promier's counsel requested that he complete a declaration attesting to the fact that he did not possess documents responsive to the records subpoena. According to Mr. New, Promier's counsel represented the declaration as a "formality" that would essentially release him from any further involvement with this lawsuit. Mr. New agreed to review a draft declaration.

On March 27, 2023, Promier's counsel emailed Mr. New the declaration along

4

with text messages between Mr. New and Mr. Hall that had been produced by Orion during discovery. It appears from the email exchange forwarding the declaration that it was sent to Mr. New with the paragraphs in question (11 through 14) constructed by counsel for Promier without having previously discussed them with Mr. New. While the email states "This reflects my understanding of the situation based on our conversation," it goes on to state that the attached text messages "may refresh your recollection of the sales relevant to this situation." Exhibit 2. Why would Mr. New's recollection need to be refreshed if he had already stated the facts set forth in the subject paragraphs of the declaration?

   Mr. New explained to Ms. Brown that he did not immediately respond to Promier's counsel after receiving the declaration because he was hoping to stay out of the case and was reluctant to further involve himself due to his fear of being named as a party to the lawsuit and incurring attorneys' fees and costs. Mr. New advised Ms. Brown that when Promier's counsel followed up in a March 29, 2023 email by asking for Mr. New's lawyer's contact information, he interpreted that request as a threat that if he did not sign the declaration, he would be "dragged" into the lawsuit. Mr. New also stated that Promier's counsel's attachment to the March 27, 2023 email of text messages between himself and Mr. Hall that had been produced by Orion "felt like a threat." Due to this "pressure" and his desire not to be sued by Promier, Mr. New signed the declaration and returned it to Promier's counsel on March 29, 2023. Mr. New stated during his call with Ms. Brown that he interpreted his communications with counsel for Promier as saying that if he signed the declaration, he would be left out of the case going forward, but if he did not, especially after asking for his attorneys' information, he would be "dragged into something in a worse manner" than he was already. Mr. New further stated that signing the declaration was "not something [he] wanted to do," but believed he had to

in order to avoid getting "pulled into the lawsuit."

Finally, Mr. New confirmed during his call with Ms. Brown that he did not ask an attorney to review the declaration before he signed it and did not make or request any changes to the declaration that was entirely drafted by Promier. Mr. New also confirmed that Promier's counsel had not informed him that they had previously sought to depose Mr. New and that the Court had subsequently denied Promier's request to do so.

It is clear from the emails between Promier's counsel and Mr. New, as well as Orion's counsel's call with Mr. New, that Promier improperly circumvented this Court's order by including testimonial information in Mr. New's declaration, and by subsequently pressuring him to execute it under an implied threat of litigation. Federal Rule of Civil Procedure 37(b)(2)(A)(ii) states that if a party fails to obey an order to provide or permit discovery, the Court may prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." While the rule is phrased as a Court having the power to sanction a party for its failure to obey an order *allowing* discovery, it logically must also permit a Court to sanction a party for the failure to obey an order *denying* discovery. *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998) (affirming decision to preclude expert witnesses from testifying as a sanction for failure to comply with discovery schedule, stating that "district courts have significant flexibility in the application of the rules in question").

Courts have sanctioned parties under Rule 37 by precluding witnesses from testifying at trial and by striking declarations. *See GSI Grp., Inc. v. Sukup Mfg. Co.*, No. 05-3011, 2008 WL 3849436, at *4 (C.D. Ill. Aug. 12, 2008) (striking portions of declarations used to contradict unfavorable deposition testimony); *Bailey v. Worthington Cylinder Corp.*, No. 16

CV 7548, 2021 WL 4440317, at *3 (N.D. Ill. Jan. 19, 2021) (Jensen, M.J.) ("precluding Plaintiff from introducing any testimony, information, declarations, or documents from [expert witnesses] under Rule 37(b)(2)(A)(ii) is appropriate") (citing *EEOC v. Kenosha Unified School District*, 620 F.2d 1220, 1226 (7th Cir. 1980) (upheld in *Bailey v. Worthington Cylinders Wisconsin LLC*, No. 16 C 07548, 2021 WL 3362419 (N.D. Ill. Aug. 3, 2021) (Reinhard, D.J.). "In the absence of a compelling excuse, a district court is well within its discretion to exclude untimely proffered evidence or testimony." *Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996). "While there are no particular factors, generally courts consider the prejudice to the moving party caused by the conduct, the prejudice to the judicial system, the need to punish the disobedient party and the need to deter similar conduct in the future." *Bailey*, 2021 WL 4440317 at *3.

   Here, Promier disobeyed this Court's order denying it the ability to take the deposition of Mr. New by using the permitted records subpoena as a platform to get Mr. New to sign a declaration about the very factual issues about which Promier wanted to depose him. Promier's counsel did this by not telling Mr. New that its request to take his deposition had been rejected by the Court, and by telling him that he had a duty to sign the declaration in order to demonstrate to the Court that he had complied with the subpoena when no such duty existed and when he was not required to demonstrate anything to the Court about his compliance.

   Orion certifies that the parties met and conferred pursuant to Local Rule 37.2 and this Court's standing order on April 3, 2023, during a Zoom video conference. Orion requested that Promier agree to the relief requested by Orion in this motion, which Promier declined. This improper conduct and violation of the Court's order places Orion in the position where it objected to the deposition of Mr. New taking place because Promier's attempt to take it was untimely, but now that Promier has procured a declaration from him, it is now Orion that would

7

want to take his deposition to clarify his declaration if the declaration is not stricken. This would allow Promier to also question Mr. New at the deposition, thereby granting Promier the exact relief previously denied it by this Court.

WHEREFORE, for the foregoing reasons, Orion Capital LLC respectfully requests that this Court enter an order striking the declaration of Carter New and barring Promier Products, Inc. from eliciting any testimony from Mr. New through discovery or at trial, or in the alternative permitting Orion leave to take Mr. New's deposition, and award Orion any additional relief that this Court deems just and appropriate.

Respectfully submitted,

ORION CAPITAL LLC

By: /s/ Caitlin J. Brown
      One of its attorneys

Paul J. Kozacky (pkozacky@kwmlawyers.com)
Jerome R. Weitzel (jweitzel@kwmlawyers.com)
Caitlin J. Brown (cbrown@kwmlawyers.com)
KOZACKY WEITZEL MCGRATH, P.C.
77 W Wacker Drive, Suite 4500
Chicago, IL 60601
T: 312-696-0901