IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PROMIER PRODUCTS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:21-cv-01094 ) |
| ORION CAPITAL, LLC, | ) Hon. Lindsay C. Jenkins, D.J. ) |
| Defendant. | ) Hon. Heather K. McShain, M.J. ) ) |

PROMIER PRODUCTS, INC.'S MOTION
FOR SANCTIONS AND SUPPORTING MEMORANDUM

I. Introduction

Orion Capital, LLC has, by its own admission, destroyed critical evidence in this case and delayed, without plausible explanation, the production of other evidence until the eleventh-hour. In each instance, Orion's actions have prejudiced Plaintiff Promier Products, Inc.'s ability to fully investigate and defend against Orion's claims and amass the proof needed for its own claims. Orion's discovery malfeasance is of such significance that it merits sanctions under two provisions of Federal Rule of Civil Procedure 37.

*First*, Richard Hall has admitted that he destroyed WhatsApp messages he had with third parties Carter New, Stephen Ryan, Matthew Doherty, and Zach Fuentes—each of whom supplied Orion Capital with PPE, marketed the sale of PPE with Orion Capital, and/or worked with Orion Capital to sell PPE to third parties. Mr. Hall did so well after he was aware (at least, according to Orion's present Answer in this case) that Promier had "repudiated" its agreement with Orion—meaning, he

destroyed pertinent evidence at a time he knew litigation was likely. And, Mr. Hall lied under oath about when he destroyed these messages, claiming initially that he did so before suit was filed *but later admitting he must have done so well after suit was filed*.

Third-party discovery in this case suggests Mr. Hall waited until after Promier had served discovery in this case to delete his WhatsApp, with documents showing he excused himself from a WhatsApp chat about PPE sales in May 2022, four months after Promier served its discovery. Third party witness Carter New has confirmed, under oath, that he communicated with Richard Hall by WhatsApp in furtherance of PPE sales (and Orion does not deny that Hall used WhatsApp to communicate with New about the Duke deal), further amplifying the importance of these communications. (Barron Decl. ¶ 25.) In addition, third parties Zach Fuentes and Carter New each *also* deleted their WhatsApp messages—suggesting a coordinated effort.

Furthermore, counsel for Orion never told Promier about the spoliation or made any effort to solve the prejudice it caused in this case—leaving it to Promier to explore the event of the problem in party and non-party discovery. In fact, even though Orion's counsel had a duty to ameliorate the prejudice caused by Mr. Hall's destruction of evidence, Orion fought Promier's efforts to take third-party discovery and waited (as discussed below) to produce key evidence of a similar nature to what

2

was likely in WhatsApp until February 8, 2023.[1] In short, the preponderance of the evidence supports a finding that Orion has "acted with the intent to deprive [Promier] of the [WhatsApp] information's use in the litigation." Fed. R. Civ. P. 37(e).

*Second*, despite Promier's clear request for production of "documents evidencing [Orion's] relationships with third-party PPE suppliers, other than Promier … including but not limited to agreements for you to sell or supply PPE to customers," lodged in January 2022, Orion withheld 29 pages of responsive text messages between Richard Hall and Carter New until February 2023, after nearly all depositions in this matter had been completed. (Barron Decl. ¶¶ 4, 50-53, 61-64.) Orion's failure to timely produce is particularly inexcusable given that (i) Orion had previously agreed without objection to produce all responsive documents, (ii) refused to supplement its response to Request No. 24 when asked in December 2022, and (iii) failed to produce additional documents between Carter New and Richard Hall when requested in January 2023 (after Mr. Hall testified as Orion's corporate representative that he believed he had negotiated PPE sales with Carter New over text messages).

There is no question as to the responsiveness and relevance of these text messages, which have Richard Hall asking Carter New, "Hey Carter are you sitting on any inventory of three ply mask level two," on July 27, 2022. (Barron Decl. ¶ 64.) In the text exchange, Mr. New provided pricing for 3-ply masks the same day (*Id.*)

---

[1] Orion has withheld information related to PPE sales and marketing that might help fill the gaps left by the destroyed communications, *see* Docket No. 168, as well.

and Mr. Hall asked for "PO information" to place an order for "3 plys" the next day. *Id.* The entire chain of text messages is replete with agreements to sell or supply PPE. (*Id.*, Exhibit 16 to Barron Decl. generally.) Because Orion did not produce these documents until after Promier filed a motion seeking discovery from Carter New (under the theory that Orion had not produced its communications with Mr. New because they were spoliated WhatsApp messages), sanctions are appropriate under Rule 37(a)(3) – (5).

Under Rule 37, Promier is entitled to sanctions for each of these violations, including: (i) an order instructing the jury that it must presume the spoliated evidence would have been unfavorable to Orion and would have supported Promier's breach of fiduciary duty and tortious interference claims; (ii) an order allowing Promier to depose Richard Hall and Carter New[2]; and (iii) fees and costs for the third party discovery and this Motion, which Promier has had to pursue in order to address Orion's spoliation.

## II. Legal Authority

Rule 37(d) enables a court to "impose sanctions against a party for a culpable failure to produce documents in response to a request to produce. The usual sanction, which is mandatory, is that the recalcitrant party, his lawyer, or both pay the reasonable expenses and attorneys' fees resulting from the failure." *Lockette v. Am. Broad. Companies, Inc.*, 118 F.R.D. 88, 90–91 (N.D. Ill. 1987). Under the rule, "an

---

[2] The requested depositions will not cause any delay as discovery will remain open through July 31, 2023, pursuant to Orion's request. [Dkt. Nos. 178, 179.]

4

evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). Furthermore, if "disclosure or requested discovery is provided *after* the motion was filed—the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A).

Rule 37(e) provides the sole source to address the loss of relevant ESI that was required to be preserved but was not because reasonable steps were not taken, resulting in prejudice to the opposing party. See *DR Distributors v. 21 Century Smoking*, 513 F. Supp. 3d 839, 956 (N.D. Ill. 2021). Rule 37(e) has five threshold requirements: (i) the information must be ESI; (ii) there must have been anticipated or actual litigation that triggers the duty to preserve ESI; (iii) the relevant ESI should have been preserved at the time of the litigation was anticipated or ongoing; (iv) the ESI must have been lost because a party failed to take reasonable steps to preserve it; and (v) the lost ESI cannot be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e); *DR Distributors*, 513 F. Supp. 3d at 958.

Under Rule 37(e), when a party intentionally deprives another party of information the court can impose sanctions, including presuming that the information was unfavorable, instructing the jury to presume the information was unfavorable, or entering dismissal or default. *Hollis v. CEVA Logistics U.S., Inc.*, 603 F. Supp. 3d 611, 617–18 (N.D. Ill. 2022); Fed. R. Civ. P. 37(e)(2). "If intent is established for these sanctions, prejudice need not be separately established because

prejudice is assumed from the intent." *Pable v. Chicago Transit Auth.*, No. 19 CV 7868, 2023 WL 2333414, at *31 (N.D. Ill. Mar. 2, 2023). The facts underlying sanctions for discovery-related misconduct must be established only by a preponderance of the evidence. *Ayers v. Heritage-Crystal Clean, LLC,* No. 1:20-cv-5076, 2022 WL 2355909 (N.D. Ill. Jun. 1, 2022) *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016) (affirming dismissal of case for discovery violation).

### III. Argument

Through a willful effort, Orion has prevented Promier from discovering facts that could bolster, add to, or aid the proof of its claims for breach of fiduciary duty and tortious interference. (Barron Decl. at 7-10, 15, 48, 55 & 63.) Orion's counsel failed to disclose the post-filing deletion of responsive WhatsApp communications, leaving it to Promier to uncover Orion's conduct in discovery. Then, Orion's counsel failed to make any effort to replace the spoliated evidence or palliate the spoliation by ensuring the production of complete information regarding PPE communications (the subject of Docket No. 168), generally, or, specifically, the text exchange between Messrs. Hall and New regarding PPE sales. Instead, Orion left Promier to fill that gap by chasing third parties (who, likely in collaboration with Mr. Hall) also deleted their WhatsApp communications. These actions, taken together, demonstrate an intent to deprive Promier of the use of such evidence. As a result, sanctions are appropriate here.

1. **Orion spoliated ESI with the intent to deprive Promier of its use**

Taking Orion's own arguments at face value, by August 2020, Orion believed Promier had repudiated the parties' agreement by refusing to pay what Orion

thought it was entitled to receive.[3] (Barron Decl. ¶ 3.) At that juncture, Orion—which was consulting with William Stanley (a Virginia lawyer admitted *pro hac vice* before this Court)—knew it had claims against Promier. *Id.* at 15-16. And, yet, Orion failed to preserve WhatsApp messages in which Orion sought to undermine Promier's relationships with the Duke University Health System and the Texas Department of Emergency Management by partnering with third parties such as Carter New, Matthew Doherty, Zach Fuentes, and Stephen Ryan. *Id.* at 18, 20-25.

Orion's pattern of activity evinces an intent to deprive Promier of the use of this evidence in defending Orion's breach of contract claim and pursuing Promier's own claims. For example, through a single October 27, 2020, e-mail (*i.e.,* written after Orion says it knew it had a claim against Promier) that Orion's Scott Weiland, Mr. Hall's partner, produced but Mr. Hall deleted, it is evident that Carter New sourced 2 million 3-ply masks that Orion sold to Duke to fill the portion of Duke's order with Promier that Orion unilaterally cancelled. *Id.* at 30. But, Orion engaged in a course of deceptive conduct that hid Mr. New's role.

For example, Mr. Hall deleted all of his WhatsApp communications sometime in 2021 or as late as May 2022 (after this lawsuit was filed and five months after he knew he had a claim against Promier) and lied about when he deleted them. *Id.* at

---

[3] The duty to preserve evidence arises when a party has reason to know litigation pertinent to that evidence is likely. *See, e.g., Bagley v. Yale University*, 318 F.R.D. 234, 340 Ed. Law Rep. 929 (D. Conn. 2016) (obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should know that the evidence may be relevant to future litigation) (cited in § 23:20. Generally, 10 Ill. Prac., Civil Discovery § 23:20 (2d ed.).)

7

18-27. Mr. New, of course, communicated about PPE transactions with Mr. Hall through WhatsApp (and Orion has not denied that it communicated about the Duke transaction by WhatsApp). *Id.* at 25. And, texts between Mr. Hall, on the one-hand, and Matt Doherty, Zach Fuentes, and Stephen Ryan, on the other hand, demonstrate that they messaged by WhatsApp about PPE, too. *Id.* at 22, 34 & 46. Because Carter New and Zach Fuentes deleted their WhatsApp communications, too, these conversations are lost entirely.

What is critically important about Orion's deception is that Orion never alerted Promier that Mr. Hall had deleted evidence—in fact, Mr. Hall promulgated multiple apparent falsehoods about when his WhatsApp messages were deleted—and third parties with whom Mr. Hall and Orion corresponded also deleted their e-mails, texts, and WhatsApp messages. Orion's counsel knew, or should have known, before Mr. Hall's September deposition that Richard Hall deleted his WhatsApp account after this litigation commenced. Counsel for Orion had a duty to inform opposing counsel and the Court of the spoliation. *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 908 (N.D. Ill. 2021) ("Counsel must immediately inform the court and opposing counsel when they learn that ESI has been destroyed.") (citing *Cruz v. G-Star Inc.*, 17 Civ. 7685, 2019 WL 4805765, at *13 n.7, 2019 U.S. Dist. LEXIS 169445, at *40 n.7 (S.D.N.Y. Sep. 30, 2019) ("To be clear, once counsel discovered that relevant information had been destroyed, disclosure should have been made immediately."); *See also* Ill. R. Prof. Conduct 3.3, 3.4.

Instead of alerting Promier, Orion's counsel responded to Promier's inquiry about WhatsApp messages by simply stating, "neither of our clients have any other [than the one they produced] responsive WhatsApp communications."[4] *Id.* ¶13. Furthermore, Orion also had an obligation to try to restore or replace the evidence that was in WhatsApp—including by ensuring that complete communications with third parties with whom Orion marketed, sold, or attempted to sell PPE (or from which it obtained a supply of PPE)—including Carter New—were produced. Fed. R. Civ. P. 37(e). Instead, counsel for Promier had to find out the fact, and extent, of Orion's spoliation through Mr. Hall's deposition and, then, try to fill that discovery hole on its own through third party discovery.

Compounding its failure to even try to fill in the blanks left by Mr. Hall's destruction of evidence, Orion has dodged answers to discovery requests that would have revealed Carter New's role in Orion's scheme to undercut Promier with Duke and may have revealed other tortious efforts by Orion to interfere with Promier's commercial relationships. For example, Orion has never fully disclosed each of the parties it marketed PPE to, or those it marketed with, in transactions that did not involve Promier. *See* Orion's Opposition to Promier's Motion to Compel at 3-5 (simultaneously arguing "there is nothing more to compel" and Orion "did not perceive any relevance" in unproduced messages detailing efforts to sell PPE outside the agreement with Promier.) [Dkt. No. 177.] And, as discussed below, Orion slow-

---

[4] "The failure to timely disclose the destruction of evidence violates the rules requiring candor to the court and fairness to the opposing party and counsel." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 906 (N.D. Ill. 2021).

9

rolled its production of a text exchange between Mr. Hall and Mr. New—further obfuscating Mr. Hall's efforts to subvert Promier's business with Duke and TDEM.

All of this demonstrates intentional spoliation of evidence for the purpose of depriving Promier of its use by a preponderance of the evidence. "In spoliation circumstances, the party seeking sanctions does not have access to all the proofs in large part because the other side spoliated the evidence." *Pable v. Chicago Transit Auth.*, No. 19 CV 7868, 2023 WL 2333414, at *22 (N.D. Ill. Mar. 2, 2023). Often, counsel whose client spoliated evidence will make an effort to rebuild the spoliated record through third party discovery or by ensuring complete production of similar data. Here, even though Orion knew as early as Richard Hall's September deposition that Mr. Hall had deleted WhatsApp—a tool that he had used to communicate about PPE—Orion's counsel made no effort to ensure Mr. Hall's other communications (which could arguably supplement or replace the deleted messages) had been produced, instead shifting that entire burden on Promier. In other words, Orion created a problem and left the solution to Promier.

Courts "do not permit a spoliator to benefit from the fact that the evidence which would demonstrate their culpability was destroyed by the spoliator's own actions" *Pable v. Chicago Transit Auth.*, No. 19 CV 7868, 2023 WL 2333414, at *29 (N.D. Ill. Mar. 2, 2023) (quoting *In re Stillwater Asset Back Offshore Fund Ltd.*, Case No. 12-14140 (MEW), 2017 WL 1956848, at *8 (Bankr. S.D.N.Y. May 10, 2017). To

that end, Rule 37(e)(2) provides three remedies for intentional spoliation, like that conducted by Mr. Hall. The prejudiced party may:

> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

An adverse inference is a baseline sanction for intentional spoliation. Fed. R. Civ. P. 37(e), 2015 Amendment Advisory Committee Notes.

Here, because Orion intentionally spoliated evidence and then made no effort to ameliorate the problem it caused, Promier respectfully requests the Court enter an order: (i) providing for an adverse-inference that the spoliated WhatsApp messages would have been unfavorable to Orion; (ii) awarding Promier its fees and costs for having to bring this motion; and (iii) awarding Promier its fees and costs for having to pursue extensive third-party discovery in an effort to find another source of the spoliated evidence.

## 2. Orion failed to timely produce a critical document until after Promier filed a motion

Orion's spoliation is compounded by its failure to produce a 29 page text exchange between Carter New and Orion's Richard Hall that is one of the seminal documents in this case until February 2023. In it, Mr. Hall elicits the supply of 3-ply masks from Carter New in July and August 2020—while he supposedly was in a "joint venture" with Promier—in order to undercut the August 11, 2020, sale of 3-ply masks by Promier to Duke. (Barron Decl. ¶¶ 3, 48.) Mr. Hall follows up in late October 2020

11

with Mr. New about 3-ply masks (*Id.* at 50, 64), during the same time period the evidence shows Mr. Hall and Mr. Weiland were actively undermining Promier with Duke. *See* Promier's Motion for Limited Extension of Discovery [Dkt. No. 115.]

These facts demonstrate that Orion either did not have an agreement with Promier or that it was violating its fiduciary duties to Promier under such an agreement. In the alternative, they show that Orion was tortiously interfering with Promier's business. One way or the other, the 29 page text exchange is plainly responsive to Promier's request for "documents evidencing [Orion's] relationships with third-party PPE suppliers, other than Promier … including but not limited to agreements for you to sell or supply PPE to customers." (Barron Decl. ¶ 4.) And, as discussed in the introduction, although Promier followed up several times on this request, Orion did not produce the document at issue until eight days after Promier filed a motion to obtain discovery from Carter New, including communications with Richard Hall.

While Promier did not file a "motion to compel," against Orion, in the face of Orion's admitted spoliation of evidence, its motion to take discovery from a third party—the Motion for Limited Extension of Discovery [Dkt No. 115] ("New Motion")—is both entirely logical and cost-efficient. In fact, it was the functional equivalent of a motion to compel, in light of Orion's spoliation of WhatsApp messages and subsequent non-production of a similar medium of communication. And, there is precedent in the Northern District for awarding sanctions in situations that do not perfectly fit Rule 37's strictures. *Metro. Life Ins. Co. v. Cammon*, No. 88 C 5549, 1989

WL 153558, at *3 (N.D. Ill. Nov. 7, 1989) ("A motion to compel typically precedes a court's imposition of sanctions under Rule 37(b), *however, a formal motion is not absolutely necessary*.") (emphasis added).

The Seventh Circuit has held that a broad construction is appropriate for Rule 37. *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 n. 7 (7th Cir. 1994) ("While courts have only applied Rule 37(b)(2) where parties have violated a court order, courts have broadly interpreted what constitutes an 'order' for purposes of imposing sanctions.") Wright & Miller describes the rule as "flexible," at least in the remedies it affords. 8B Fed. Prac. & Proc. Civ. § 2284 (3d ed.) Such breadth and flexibility is in keeping with Rule 1, which provides that the rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." In short, the Court can and should treat Orion's February 8, 2023, production of a crucial document (particularly so in light of the spoliated WhatsApp messages) as having been made after Promier was forced to file a motion to obtain the evidence—meriting sanctions under Rule 37(a).

Because Orion produced the 29 pages of New/Hall texts for the first time after Promier filed its motion, it should have to pay Promier's fees and costs for that Motion. Orion also should be required to produce Mr. Hall to answer questions about the New/Hall texts produced after his deposition. Promier also requests that Court consider, as an ameliorative measure, allowing Promier to depose Carter New.

## IV. Certification of Meet and Confer

The parties have conferred extensively on these issues pursuant to Local Rule 37.2. In addition to conferrals leading up to Promier's filing its Motion for Limited

13

Extension of Discovery seeking to depose Carter New on January 31, 2023 [Dkt. No. 115], and the extensive conferrals related to these issues culminating in Promier's Motion to Compel on May 15, 2023 [Dkt. No. 168], the parties met and conferred again on June 9, 2023. Orion was unwilling to allow the depositions Promier sought.

## V. Conclusion

Promier respectfully requests that this Court sanction Orion for spoliation of relevant WhatsApp conversations with known and unknown witnesses under Rule 37(e). In addition, Promier requests that the Court sanction Orion for waiting until Promier filed the functional equivalent of a motion to compel to produce text communications between Messrs. New and Hall pursuant to Rule 37(a).

Specifically, Promier requests the Court:

i. Order that the jury be instructed to presume that the spoliated information was unfavorable to Orion and would have supported Promier's breach of fiduciary duty and tortious interference claims;

ii. Allow Promier to depose Richard Hall and Carter New on the substance of the text messages produced by Orion on February 8, 2022;

iii. Award Promier its fees and costs for having to bring this motion; and

iv. Award Promier its fees and costs for having to take extensive third-party discovery in an effort to replace the spoliated evidence.

Dated: June 12, 2023

Respectfully submitted,

/s/     *Trace Schmeltz*
Vincent P. (Trace) Schmeltz III
Peter Siavelis
Paige Lohse
Kyle Prillaman
Zach Barron (*pro hac vice*)
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606
Tel:  312.214.5602
Fax:  312.759.5646
tschmeltz@btlaw.com


*Attorneys for Plaintiff*
*Promier Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

/s/ *Zach Barron*