**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PROMIER PRODUCTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:21-cv-01094 |
| | ) |
| ORION CAPITAL, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**PROMIER'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiff Promier Products, Inc. ("Promier") respectfully requests leave to file a sur-reply in response to Defendant Orion Capital, LLC's ("Orion") Reply in Support of its Motion for Sanctions. [Dkts. 293-294.] In support thereof, Promier states as follows.

## ARGUMENT

The Court may grant leave to file a sur-reply "when a moving party 'sandbags' an adversary by raising new arguments in a reply brief." *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *Franek v. Walmart Stores, Inc.,* 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009)). Allowing a sur-reply "vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005). This is especially true when a later brief in sequence raises a new argument to which opposing party cannot "fairly respond[]." *Franek* 2009 WL 674269, at *19 n.14.

In its Reply, Orion argues *for the first time* that Promier's counsel must withdraw because it violated duties of loyalty and confidentiality, citing Illinois Rule of Professional Conduct Rule 1.7. [Dkt. 294 at 10-11.] Because Orion raised a new argument in reply, the briefing sequence

would prevent Premier from responding absent a sur-reply. Additionally, because "motions for disqualification should be viewed with extreme caution," Premier ought to be able to respond to protect its three-year relationship with litigation counsel in this matter. *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 722 (7th Cir. 1982) (internal quotes removed). Premier's proposed sur-reply is attached hereto as **Exhibit A**, which Premier has kept as brief as possible given the severity of Orion's new argument.

## **CONCLUSION**

For the foregoing reasons, Premier respectfully requests that this Court enter an Order granting it leave to file a sur-reply to Orion's Third Sanctions Motion and enter in the record Premier's proposed sur-reply attached hereto as Exhibit A.

Dated: April 15, 2024

Respectfully Submitted,

*/s/ Trace Schmeltz*
Attorney for Premier Products, Inc.

Vincent P. (Trace) Schmeltz III
Peter Siavelis
Paige Lohse
Kyle Prillaman
Zach Barron (pro hac vice)
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606
Tel: 312.214.5602
Fax: 312.759.5646
tschmeltz@btlaw.com
psiavelis@btlaw.com
paige.lohse@btlaw.com
kyle.prillaman@btlaw.com
zachary.barron@btlaw.com

*Attorneys for Plaintiff Premier Products, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 15, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.


<u>/s/ *Trace Schmeltz*        </u>

**<u>EXHIBIT A</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

PROMIER PRODUCTS, INC.,     )
                            )
       Plaintiff,         )
                            )
v.                        )  Case No.: 1:21-cv-01094
                            )
ORION CAPITAL, LLC,       )
                            )
       Defendant.     )
                            )
                            )

## PROMIER'S SUR-REPLY IN RESPONSE TO ORION'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS [DKTS. 293-294]

Orion argues for the first time on reply that Promier's undersigned counsel ("Counsel") violated their duties of loyalty and confidentiality, and requests that Counsel withdraw from representing both Promier and Matt Pell pursuant to Illinois Rule of Professional Conduct Rule 1.7.[1] [Dkt. 294 at 10-11.] As Orion is neither a client nor a former client of Counsel, no duties of confidentiality or loyalty are owed to Orion under the applicable Rules of Professional Conduct. Nonetheless, Orion offers ***no rationale or basis to establish it has standing to*** request that Counsel withdraw. Regardless, Orion's request is without merit and should be denied because ***it cannot establish that an ethics violation occurred***.

---

[1] While Orion cites to Illinois Rule of Profession Conduct 1.7, under L.R. 83.5, the applicable disciplinary rules are the Model Rules of Professional Conduct of the American Bar Association ("ABA Model Rules"), to the extent that the ABA Model Rules are consistent with the Illinois Rules of Profession Conduct. *alfaCTP Sys., Inc. v. Nierman*, No. 15-CV-9338, 2016 WL 687281, at *1 (N.D. Ill. Feb. 19, 2016). Because ABA Model Rule 1.7 is consistent with Illinois Rule of Professional Conduct 1.7, ABA Model Rule 1.7 applies here, and will hereinafter be referred to simply as "Rule 1.7."

## ARGUMENT

Attorney disqualification is "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982); *Weeks v. Samsung Heavy Indus. Co.,* 909 F. Supp. 582, 583 (N.D. Ill. 1996). "[B]ecause disqualification deprives a party of representation of its choosing, motions to disqualify 'should be viewed with extreme caution for they can be misused as techniques of harassment.'" *Freeman Equip., Inc. v. Caterpillar, Inc.*, 262 F. Supp. 3d 631, 634 (N.D. Ill. 2017) (quoting *Freeman*, 689 F.2d at 721). "The Seventh Circuit 'considers the right of a party to select counsel of its choice to be a matter of significant importance [which] will not be disturbed unless a specifically identifiable impropriety has occurred.'" *RFR Holding LLC v. Ponte Gadea Fla. Inc.*, No. 08 C 1555, 2008 WL 11406075, at *1 (N.D. Ill. Oct. 31, 2008) (quoting *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1566-67 (Fed. Cir. 1984)). Courts must be vigilant to prevent parties from using this remedy as a procedural weapon to disqualify counsel who never represented the party seeking disqualification and otherwise owes no duty of confidentiality or loyalty to the requesting party. Similarly here, Orion's request serves no legitimate purpose.

Because disqualification of counsel is a severe remedy that deprives a party of its choice of counsel, disqualification motions require a rigorous two-step analysis. A court must consider whether (1) an ethical violation has actually occurred and (2) disqualification is the appropriate remedy. *Bonds v. City of Chicago*, 451 F. Supp. 3d 900, 902 (N.D. Ill. 2020). "The movant 'bears a heavy burden of proving facts required for disqualification.'" *Sharif v. Mackoff*, No. 21 C 2635, 2021 WL 4355361, at *2 (N.D. Ill. Sept. 24, 2021) (quoting *Freeman Equip.*, 262 F. Supp. 3d at 634). And, "[t]here must be solid evidence to support an allegation of conflict." *Fematt v. Finnigan*, No. 11-cv-1530, 2012 WL 3308759, at *2 (N.D. Ill. Aug. 13, 2012)).

### A. Orion Waived its Request for Disqualification

As a threshold issue, Orion has waived its request for disqualification by raising it for the first time in its Reply. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) ("A reply brief is for replying not for raising essentially new matter that could have been advanced in the opening brief." (internal quotation marks and citation omitted)). Orion presents no argument, let alone any authority, to justify raising this argument for the first time in reply. Because a party's request for disqualification must be presented by motion, this argument is waived. *See, e.g. Bonds*, 451 F. Supp. 3d at 902; *Sharif*, 2021 WL 4355361, at *2; *Freeman Equip.*, 262 F. Supp. 3d at 634; *Fematt*, 2012 WL 3308759, at *2.

### B. Orion Lacks Standing To Seek Disqualification

Orion also lacks standing to make this request, either because Counsel represented Orion or an affiliate in the same or substantially related matter, or possesses Orion's confidential information meriting disqualification. *See Kindstrom v. Lake Cnty.*, No. 3:22-CV-50041, 2024 WL 916154, at *2 (N.D. Ill. Mar. 4, 2024) (noting that for purposes of the plaintiff's motion for disqualification, he "does not have standing to raise a conflict of interest under … ABA Model Rules 1.7, 1.8, and 1.9" because he is not a current or former client of the defendant's counsel). Because Counsel neither served as Orion's counsel nor possesses Orion's confidential information, Orion lacks standing from which to seek disqualification. *See Landmark Am. Ins. Co. v. Deerfield Constr., Inc.,* No. 15 C 1785, 2017 WL 157858, at *14 (N.D. Ill. Jan. 12, 2017).

### C. Rule 1.7 Disqualification is Inappropriate Here

Rule 1.7 disqualification is inappropriate here because Orion has not and cannot establish that an ethical violation actually occurred meriting disqualification. Even if it could, disqualification would not serve the twin-aims of Rule 1.7. For each of these reasons, the Court should decline to disqualify Counsel.

### 1.  Orion cannot establish an ethical violation

Orion does not even attempt to describe any ***conflict of interest*** stemming from Counsel's representation of Promier and Mr. Pell, as required to establish that an ethical violation occurred. *See* Rule 1.7 (providing that "a lawyer shall not represent a client if the representation involves a concurrent ***conflict of interest***" (emphasis added)).  In fact, Orion does not even cite directly to Rule 1.7—citing only to the rule's comments—and the word "conflict" is absent from Orion's Reply. Orion's request for disqualification should be rejected on this basis alone, as it offers nothing more than a conclusory assertion that Counsel "violated their duties of loyalty and confidentiality." [Dkt. 294 at 11]; *see Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived …."); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")

Orion does not cite the rule directly because it ***cannot*** establish a concurrent conflict of interest between Promier and Mr. Pell.  Under Rule 1.7(a), "[a] concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to" others.  Material limitations include "substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party[,] or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." *Id.*, cmt. 23.  Rule 1.7(a)(2) applies only when there is "simultaneous representation of parties whose interests in litigation may conflict, such as coplaintiffs or codefendants." *Id*.

Here, there is no disqualifying adversity.  ***First,*** the interests of Promier and Mr. Pell are not directly adverse under Rule 1.7(a)(1) because they are not adverse parties in this case or any other case. ***Second***, under Rule 1.7(a)(2), there is no substantial discrepancy in Promier and Mr.

Pell's testimony. To the contrary, Mr. Pell's testimony has been consistent with Promier's other witnesses in establishing that Mr. Pell's promissory note ("Pell Promissory Note") is his personal document, rather than Promier's corporate record.[2] **_Third_**, because Mr. Pell is not a codefendant in this litigation, he has no potential conflicting positions or settlement prospects. Instead, his interests are in lockstep with Promier's interests.

Orion also cannot establish that a conflict of interest exists based on the comments to Rule 1.7, either. Orion cites to Rule 1.7, Comment 31, which provides that:

> As to the duty of confidentiality, continued common representation will almost certainly be inadequate if one client asks the lawyer not to disclose to the other client information relevant to the common representation. This is so because the lawyer has an equal duty of loyalty to each client, and each client has the right to be informed of anything bearing on the representation that might affect that client's interests and the right to expect that the lawyer will use that information to that client's benefit.

Here, however, Orion provides no evidence either that: (i) Mr. Pell asked Counsel to withhold the existence of the Pell Promissory Note from Promier; or (ii) Counsel withheld the existence of the Pell Promissory Note from Promier based on attorney-client privilege.

To state the obvious, Orion has no way of knowing what if any information was purportedly withheld from Counsel's clients on the basis of privilege or confidentiality. Obviously, Orion could not (and would not) know given it is not privy to attorney-client privileged communications between Counsel and its clients. Aside from its own conjecture and hyperbole, Orion fails to offer any credible evidence that Counsel violated Rule 1.7, let alone prove it.[3]

---

[2] Mr. Pell and Promier's president, Cody Grandadam, testified consistently that the Pell Promissory Note was not a memorialization of the terms of the loan Mr. Pell received from Promier because they have not agreed on any terms, and Mr. Pell did not provide a copy of the Pell Promissory Note to Promier. [Dkt. 278-1 ¶¶ 4-28.]

[3] Even if Counsel had disclosed the existence of the Pell Promissory Note to Promier in August 2023 (i.e., while it represented both Mr. Pell and Promier), Promier could not have produced the Pell Promissory Note

To be clear, the relationship between Counsel, Promier and Mr. Pell had no substantive effect on the discovery at issue. Counsel objected to Orion's inquiry into the loans' terms during the May 22, 2023 depositions of Mr. Pell and Michael Wollack based on the Court's Protective Order. [Dkt. 278-1 ¶ 160.] Orion filed its Second Motion for Sanctions shortly thereafter [Dkt. 181], arguing that it was entitled to additional discovery related to the loans, and the dispute was not fully resolved until the District Court's ruling on December 22, 2023. [Dkt. 250.] Counsel promptly produced the document on December 26, 2023, after the District Court granted additional discovery relating to the loans. [Dkt. 278-1, ¶ 164.] This conduct does not violate Rule 1.7.

### 2. Disqualification does not serve Rule 1.7's purposes

Even if it did, disqualification would prejudice Promier without serving the rule's aims:

Rule 1.7 has two fundamental purposes: First, it serves as a prophylactic to protect confidences that a client may have shared with his or her attorney. Its second purpose is to safeguard loyalty as a feature of the lawyer-client relationship. A client should not wake up one morning to discover that his lawyer, whom he had trusted to protect his legal affairs, has sued him.

*Landmark, Inc.*, 2017 WL 157858, at *14 (modified). Neither of these purposes are implicated here. As a result, the Court should not impose disqualification. *See Freeman,* 689 F.2d at 721.

### <u>CONCLUSION</u>

Orion has waived "disqualification" as a remedy and, in any event, has not established that disqualification of Counsel is either necessary or appropriate here.

---

(it still would not have the legal right to possess it) nor would it have disclosed it (because it was not **responsive** to a request and the stay of such discovery was implemented), as Promier has already established. [Dkt. 278 at 10-17.] In other words, Orion's speculative accusation is based on a fictional scenario, in any event.

Dated: April 15, 2024

Respectfully Submitted,

*/s/ Trace Schmeltz*
Attorney for Promier Products, Inc.

Vincent P. (Trace) Schmeltz III
Peter Siavelis
Paige Lohse
Kyle Prillaman
Zach Barron (pro hac vice)
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606
Tel: 312.214.5602
Fax: 312.759.5646
tschmeltz@btlaw.com
psiavelis@btlaw.com
paige.lohse@btlaw.com
kyle.prillaman@btlaw.com
zachary.barron@btlaw.com

*Attorneys for Plaintiff Promier*
*Products, Inc.*